UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEWELL SMITH,

                Plaintiff,        CIVIL ACTION NO. 12-13712

                                    DISTRICT JUDGE DAVID M. LAWSON

v.                                 MAGISTRATE JUDGE MARK A. RANDON

GC SERVICES LIMITED PARTNERSHIP-
Delaware,

                Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY
DEFENDANT'S MOTION TO DISMISS (DKT. NO. 20)**

**I.    INTRODUCTION**

This matter is before the Court on Defendant's motion to dismiss and for fees and other discovery sanctions (Dkt. No. 20). As a sanction for Plaintiff's failure to appear for her scheduled disposition, Defendant asks the Court to award costs and attorney fees *and* either: (1) dismiss Plaintiff's lawsuit, or (2) order Plaintiff to appear for a deposition (*Id.* at 2). Plaintiff responded (Dkt. No. 24); Defendant replied (Dkt. No. 26); and oral argument was heard on March 5, 2013. Because the drastic sanction of dismissal is not warranted and Defendant has not submitted a bill of costs, this Magistrate Judge **RECOMMENDS** that: (1) Defendant's motion to dismiss be **DENIED**; and (2) Defendant's request for sanctions be **DENIED WITHOUT PREJUDICE**, pending the receipt of a bill of costs and fees. Plaintiff is ordered to appear for a

deposition on **March 26, 2013 at 10:00 a.m**.[1]

## II. DISCUSSION

Federal Rule of Civil Procedure 37(d)(1)(A)(i) permits a court to sanction a party for failing to appear for a deposition. The sanctions under Rule 37(d) include those listed in Rule 37(b)(2)(A)(i)-(vi). Rule 37(b)(2)(A)(v), in turn, allows a district court to dismiss an action as a sanction.

This Magistrate Judge must consider four factors when determining whether to invoke discovery sanctions under Rule 37(b): (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366–67 (6th Cir. 1997).

Considering these four factors, dismissal is not warranted. Although it was improper for Plaintiff's counsel to withhold Plaintiff's deposition in response to a claimed discovery dispute, the other three factors militate against dismissal. Defendant was not prejudiced by Plaintiff's failure to cooperate: this Magistrate Judge has ordered Plaintiff to appear for her deposition before discovery closes, and Defendant indicated, on the record, that it did not need any additional discovery; Plaintiff was not properly warned that her failure to cooperate could lead to

---

[1] As discussed on the record, if – after Plaintiff's deposition – the parties are unable to agree on a monetary sanction, Defendant should submit documentation outlining its costs and attorney fees; this Magistrate Judge will then prepare a subsequent recommendation as to whether monetary sanctions are proper.

dismissal;[2] and the Court has not considered or imposed less drastic sanctions.

Accordingly, Defendant's motion to dismiss should be **DENIED** and Defendant's request for fees and costs should be **DENIED WITHOUT PREJUDICE** pending the submission of a bill of costs and fees. In addition, Plaintiff must appear for a deposition on ***March 26, 2013 at 10:00 a.m***.

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *See McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this Magistrate Judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of

---

[2] Although Defense counsel's February 18, 2013 letter to Plaintiff's counsel did indicate that Defendant would ask the Court to dismiss the action if Plaintiff failed to appear on February 20, 2013, Defendant's "warning" came in the throws of a claimed discovery dispute and after Plaintiff's counsel had indicated twice that his client would not appear. This Magistrate Judge does not believe this is the type of warning – offered by an opposing party – that should proceed such a harsh sanction.

service of the response.  *See* E.D. Mich. LR 72.1(d)(3), (4).

                                  s/Mark A. Randon
                                  MARK A. RANDON
                                  UNITED STATES MAGISTRATE JUDGE

Dated: March 7, 2013

## Certificate of Service

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, March 7, 2013, electronically and by first class mail.*

                                  *s/Eddrey Butts*
                                  *Acting Case Manager to Magistrate Judge Mark A. Randon*